JAMIE K. SERB (OSB No. 262027)
VICTORIA E. AINSWORTH (OSB No. 222799)
**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
tainsworth@crosnerlegal.com
*Attorneys for Plaintiff, Kristi Angstadt*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

KRISTI ANGSTADT, individually and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and on behalf of all others similarly situated,

Plaintiff,

v.

VOLARE HEALTH LLC; SWEET BRIAR NURSING CENTER LLC; and DOES 1-20, inclusive,

Defendants.

Case No.: 6:26-cv-2386

**CLASS ACTION ALLEGATION AND COLLECTIVE ACTION COMPLAINT FOR:**

**1. Failure to Pay Wages Owed for Noncompliant Meal Periods (ORS 653.055; ORS 652.610; OAR 839-020-0050)**
**2. Failure to Compensate for Off-the-Clock Work (ORS 653.010; and ORS 653.055;)**
**3. Failure to Pay Overtime Wages (ORS 653.261; OAR 839-020-0030)**
**4. Failure to Pay All Wages Due Upon Termination of Employment (ORS 652.140; ORS 652.150)**
**5. Failure to Pay Overtime Wages - Fair Labor Standards Act (29 U.S.C. §§ 207, 216(b))**

**DEMAND FOR JURY TRIAL**

Plaintiff, Kristi Angstadt ("Plaintiff"), by and through the undersigned attorneys, individually and on behalf of all similarly situated individuals pursuant to 29 U.S.C. § 216(b), and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed wage-and-hour collective and class action brought under Oregon's wage and hour laws, ORS chapters 652 and 653, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., seeking damages, penalty wages, statutory damages, and other relief for Defendants' failure to provide and pay for legally compliant meal periods; failure to compensate Plaintiff and similarly situated employees for all hours worked; unlawful deductions from wages; failure to pay overtime wages at the rate required by Oregon law; failure to pay all wages due upon termination of employment; and failure to pay overtime wages at the rate required by the FLSA.

2. Defendants employed Plaintiff as a Licensed Practical Nurse ("LPN") and/or similar job title/position in Oregon until the separation of Plaintiff's employment, on or about January 6, 2026. Throughout the relevant period, Defendants classified Plaintiff as non-exempt and paid Plaintiff on an hourly basis, together with non-discretionary remuneration, including but not limited to, shift differential pay and additional hourly premium pay.

3. Based on information and belief, Defendants deducted time from the paid hours of Plaintiff and other non-exempt Oregon employees for purported meal periods, including precisely thirty (30) minutes on shifts on which Plaintiff did not clock out for any meal period, regardless of whether a meal period was actually provided in compliance with Oregon law. As a result, Defendants systematically failed to compensate Plaintiff and Class Members for all hours worked, including



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

hours worked in excess of forty (40) in a workweek.

## JURISDICTION & VENUE

4. This Court has original subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), as that claim arises under the laws of the United States.

5. This Court has supplemental jurisdiction over Plaintiff's Oregon state law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district - specifically, at Defendants' skilled nursing facility located at 740 NW Hill Place in Roseburg, Oregon - and because Defendants are subject to personal jurisdiction in this district. Assignment to the Eugene Division is proper because Douglas County lies within that Division.

## THE PARTIES

7. Plaintiff is, and at all relevant times was, an individual domiciled in the State of Oregon and a citizen of the State of Oregon. Plaintiff worked for Defendants in the State of Oregon as an LPN and/or similar job title/position, from approximately February 2025 through on or about January 6, 2026.

8. Defendant, Volare Health, LLC ("Volare"), is a Delaware limited liability company doing business in the State of Oregon, with its principal place of business in Louisville, Kentucky. Based on information and belief, Volare owns, operates, and/or manages skilled nursing and rehabilitation facilities in the State of Oregon, including the skilled nursing facility known as Rose Haven Nursing Center,



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

located in Roseburg, Oregon, to which Defendants assigned Plaintiff.

9. Defendant, Sweet Briar Nursing Center LLC ("Sweet Briar"), is an Oregon limited liability company doing business in the State of Oregon, with its principal place of business at the Rose Haven Nursing Center facility in Roseburg, Oregon. Based on information and belief, Sweet Briar operates the Rose Haven Nursing Center facility at which Plaintiff worked and issues wage statements to and reports the wages of Defendants' hourly employees at that facility. Through their business operations, Defendants transact business within the District of Oregon and throughout the State of Oregon.

10. According to the records of the Oregon Secretary of State, Corporation Division, Volare and Sweet Briar share the same mailing address of record in Louisville, Kentucky, which is also Volare's principal place of business of record; share the same registered agent for service of process in Oregon; and share the same single manager of record, whose address of record is that same Louisville, Kentucky address. Based on information and belief, Sweet Briar is a subsidiary and/or affiliate of Volare and operates as part of Volare's enterprise.

11. Volare and Sweet Briar appear interchangeably throughout Plaintiff's employment records. The offer letter issued to Plaintiff identifies Volare as the entity extending the offer of employment and identifies Plaintiff's assigned facility as Rose Haven Nursing Center; Defendants' employee handbook governing their Oregon facilities, including its meal and rest break policy, is issued in the name of Volare Health; Defendants' biometric timekeeping consent form identifies the entity whose time and attendance software records employees' work time as Volare Health, LLC and/or its affiliates; and Defendants' Personnel Action Request records identify Plaintiff's work location as Rose Haven. Plaintiff's itemized wage statements, in turn, are issued in the name of "Sweet Briar Nursing," which, based on information



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

and belief, is a shortened form, assumed business name, and/or trade name of Sweet Briar. Sweet Briar also requested and received the pre-employment background check conducted on Plaintiff, through a representative using an electronic mail address at a Volare-affiliated internet domain and giving the same Louisville, Kentucky address shared by both entities.

12. Based on information and belief, Defendants' human resources, timekeeping, and payroll policies are promulgated, approved, and administered by Volare at the enterprise level and apply to Defendants' hourly employees regardless of the entity by which they are paid or the entity identified on their wage statements. Volare thereby exercises control over the actual employment conditions of the hourly employees who work at the Oregon facility operated by Sweet Briar. Each Defendant, directly or through common management, possessed and exercised the power to hire and fire Plaintiff and Class Members, supervised and controlled their schedules and conditions of employment, determined the rate and method of their payment, and maintained their employment records. Defendants jointly employed Plaintiff and Class Members and are jointly and severally liable for the wages, penalty wages, and other relief sought herein.

13. Based on information and belief, Defendants own, operate, and/or manage skilled nursing and rehabilitation facilities throughout Oregon, including but not limited to, facilities operating under the following names and in the following cities in Oregon: Corvallis Manor Nursing and Rehabilitation Center (Corvallis); French Prairie Nursing and Rehabilitation Center (Woodburn); Green Valley Rehabilitation Health Center (Eugene); Hearthstone Nursing & Rehabilitation Center (Medford); Highland House Nursing and Rehabilitation Center (Grants Pass); Hillside Heights Rehabilitation Center (Eugene); Keizer Nursing & Rehabilitation Center (Keizer); Rose Haven Nursing Center (Roseburg); Royale



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

Gardens Health & Rehabilitation Center (Grants Pass); South Hills Rehabilitation Center (Eugene); and Umpqua Valley Nursing and Rehabilitation Center (Roseburg).

14. At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, and, based on information and belief, grossed more than $500,000 in each of the last three calendar years.

15. At all relevant times, Defendants were "employers" within the meaning of ORS 652.310(1), which defines an employer as "any person who in this state, directly or through an agent, engages personal services of one or more employees," and Defendants employed Plaintiff and Class Members within the meaning of ORS 653.010(2), which provides that "employ" includes "to suffer or permit to work."

16. Additional individuals and/or entities, known to Defendants but not yet identified by Plaintiff (and identified herein as Does 1-20), employ and/or manage employees on behalf of Defendants and are statutory employers under Oregon law because of their managerial role and/or their control over the terms and conditions of employment of Plaintiff and Class Members. Does 1-20 are also "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), to the extent they acted directly or indirectly in the interest of Volare and/or Sweet Briar in relation to Plaintiff and the FLSA Collective.

## **CLASS AND COLLECTIVE ALLEGATIONS**

17. Plaintiff brings the Oregon state law claims in this action on behalf of Plaintiff, and all others similarly situated, as a proposed class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiff seeks to represent is defined as follows:



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

> **<u>Class Members</u>**: All current and former non-exempt employees who worked for any one or more of the Defendants at any location in the State of Oregon at any time from six years prior to the filing of this Complaint through the date of the Court's order certifying the Class ("Class Period").
>
> The Class includes all such non-exempt employees who worked at any skilled nursing, rehabilitation, or other facility in the State of Oregon owned, operated, and/or managed by Defendants, including but not limited to, the facilities identified above, regardless of the entity by which they were paid or the entity identified on their wage statements.

18. Plaintiff brings the Third Cause of Action on behalf of Plaintiff and the following subclass:

> **<u>Overtime Subclass Members:</u>** All Class Members who worked more than forty (40) hours in one or more workweeks at any time from two years prior to the filing of this Complaint through the date of the Court's order certifying the Class ("Overtime Subclass Period").

19. Plaintiff brings the Fourth Cause of Action on behalf of Plaintiff and the following subclass:

> **<u>Waiting Time Subclass Members</u>**: All Class Members whose employment with any one or more of the Defendants ended at any time from three years prior to the filing of this Complaint through the date of the Court's order certifying the Class ("Waiting Time Subclass Period").

20. Plaintiff additionally brings the Fifth Cause of Action as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of a Collective defined as follows:

> **The "FLSA Collective" is defined as follows:** All current and former non-exempt employees who worked for any one or more



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

> of the Defendants at any location in the State of Oregon at any time during the statutory period who were subject to any of the following timekeeping or pay practices:
> (a) **Noncompliant Meal Periods** (working during unpaid meal periods that were on-duty, interrupted, and/or shortened to less than thirty (30) minutes, including when they worked more than forty (40) hours in a workweek); and/or
> (b) **Incorrect Regular Rate Payments** (not paid overtime wages at one and one-half times their regular rate of pay, inclusive of shift differential pay, additional hourly premium pay, and/or other non-discretionary compensation, for hours worked in excess of forty (40) in a workweek).
>
> The FLSA Collective includes all such non-exempt employees who worked at any skilled nursing, rehabilitation, or other facility in the State of Oregon owned, operated, and/or managed by Defendants, including but not limited to, the facilities identified above, regardless of the entity by which they were paid or the entity identified on their wage statements.

Plaintiff's Consent to Join Collective Action pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit 1**. Other FLSA Collective members may sign Consent to Join Collective Action forms and join as opt-in plaintiffs in this action in the future.

21. Plaintiff reserves the right to amend or modify the class, subclass, and collective descriptions with greater specificity, by division into further subclasses, or by limitation to particular issues.

22. There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Oregon wage and hour laws and the FLSA regarding the provision and payment of compliant meal periods and the payment of wages for all hours worked, the members of the Class, the Overtime Subclass, the Waiting Time Subclass, and the FLSA Collective are so numerous that joinder of all members is impractical.



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

23. Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative Class; (2) Plaintiff's claims stem from the same practice or course of conduct that forms the basis of the Class claims; (3) all of the Class claims are based on the same facts and legal theories; and (4) the injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

24. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

25. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Whether Defendants failed to compensate Plaintiff and Class Members when Defendants failed to provide Plaintiff and Class Members with duty-free, uninterrupted thirty (30) minute meal periods required by OAR 839-020-0050;

b. Whether Defendants maintained an official or unofficial policy, custom, pattern, and practice of deducting thirty (30) minutes of wages per shift from recorded work time for purported meal periods that were not provided in compliance with Oregon law;

c. Whether Defendants maintained an adequate system for recording compensable work time, and for permitting employees to record, actual meal



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

period start and stop times and noncompliant meal periods;

d. Whether Defendants failed to compensate Plaintiff and Class Members for all hours worked during unpaid meal periods and/or otherwise outside of recorded shift times;

e. Whether Defendants' meal period deduction practices resulted in the systematic under-recording of hours worked;

f. Whether Defendants unlawfully withheld, deducted, or diverted wages in violation of ORS 652.610, entitling Plaintiff and Class Members to actual damages or two hundred dollars ($200) per violation, whichever is greater, under ORS 652.615;

g. Whether Defendants failed to pay Overtime Subclass Members one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of ORS 653.261;

h. Whether Defendants failed to pay Waiting Time Subclass Members all wages due upon the termination of their employment, and whether that failure was willful within the meaning of ORS 652.150;

i. Whether Defendants violated the FLSA by failing to pay Plaintiff and FLSA Collective members overtime at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek;

j. Whether Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a);

k. Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

l. The nature and extent of class-wide and collective damages and the measure of damages for the Class, the Overtime Subclass, the Waiting Time Subclass, and the FLSA Collective.



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

26. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or timekeeping and payroll records.

27. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

28. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

29. Pursuant to ORCP 32 H, Plaintiff, through counsel, served Defendants with written notice of the alleged causes of action, accompanied by a demand that Defendants correct or rectify the alleged wrongs, on or about August 27, 2026. More than thirty (30) days have elapsed since service of that notice, and Defendants have failed to correct or rectify the alleged wrongs. Plaintiff has substantially complied with all requirements for the filing of this Complaint and has exhausted any administrative remedies and/or statutory prerequisites prior to filing, commencing,



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

and serving the within action.

## FACTUAL BACKGROUND

30. During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Oregon.

31. Defendants assigned Plaintiff to the skilled nursing facility known as Rose Haven Nursing Center, located at 740 NW Hill Place in Roseburg, Oregon, where Plaintiff worked as an LPN and/or similar job title/position.

32. Defendants paid Plaintiff a base hourly rate for time counted by Defendants as hours worked, and Plaintiff's rate of pay at the end of Plaintiff's employment was $53.58 per hour. At times, Defendants also compensated Plaintiff with non-discretionary compensation, including but not limited to, shift differential pay and additional hourly premium pay.

33. Plaintiff regularly worked shifts of at least approximately eight (8) hours, and at times worked shifts of at least approximately sixteen (16) hours.

34. Defendants paid Plaintiff overtime compensation in multiple pay periods, and Plaintiff worked more than forty (40) hours in one or more workweeks during the relevant period.

## Meal Period Wage Violations

35. Oregon law requires employers to provide employees a duty-free, uninterrupted thirty (30) minute meal period when an employee works a work period of not less than six (6) hours or more than eight (8) hours, and the employee must be relieved of all duties during the meal period. OAR 839-020-0050, section (2)(a). Employers must provide additional meal periods when an employee's work period is more than eight (8) hours, as set forth in Appendix A of the rule. OAR 839-020-0050, section (2)(c).



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

36. If an employee is not relieved of all duties for thirty (30) continuous minutes during the meal period, the employer must pay the employee for the entire thirty (30) minute meal period. OAR 839-020-0050, section (2)(b). Employers must pay employees for any missed or unlawful meal period (e.g., less than 30 minutes, interrupted meal period, not relieved of all duties, or failure to provide additional meal periods for work periods exceeding eight hours). *Id*; see also *Maza v. Waterford Operations, LLC*, 300 Or. App. 471 (2019).

37. Defendants systematically failed to compensate Plaintiff and Class Members when it systematically failed to provide Plaintiff and Class Members with legally compliant meal periods. Specifically:

38. From approximately February 2025 through January 6, 2026, Defendants failed to relieve Plaintiff and Class Members of all duties for thirty (30) continuous minutes during purported meal periods. Plaintiff's meal periods were interrupted, cut short, and/or otherwise not duty free, and Plaintiff was interrupted and/or otherwise required to work during some or all of Plaintiff's owed thirty (30) minute meal period on shifts on which Defendants deducted thirty (30) minutes from Plaintiff's paid hours for a purported meal period. Based on information and belief, Defendants maintained a policy and practice, applied uniformly to hourly employees who performed the same or similar job duties, of failing to relieve employees of all duties for thirty (30) continuous minutes during their meal periods, as required by OAR 839-020-0050(2)(a).

39. Based on information and belief, Defendants maintained a policy and practice of deducting time from employees' paid hours for purported meal periods that were less than thirty (30) continuous minutes, that were interrupted, and/or that were worked through in their entirety, even when a legally compliant meal period was not actually provided.



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

40. For example, Defendants' records show that Defendants deducted exactly thirty (30) minutes per shift even though Plaintiff did not clock out for a meal period on dates including, but not limited to, the following: February 17, 2025, February 26, 2025, June 22, 2025, and August 24, 2025. Based on information and belief, Plaintiff completed work tasks during one or more of the purported meal periods on the aforementioned dates, among other dates on which Defendants deducted thirty (30) minutes for meal periods that were interrupted, less than thirty (30) minutes long, and/or worked through completely.

41. Based on information and belief, at times, Plaintiff and Class Members were required to take meal periods that were less than thirty (30) minutes long due to the need to complete assigned job duties and/or lack of coverage. For example, a sample of Defendants' time records reflects that Defendants deducted less than thirty (30) minutes from Plaintiff's paid hours for a purported meal period on dates including, but not limited to, the following: April 9, 2025 (approximately twenty-seven (27) minutes) and April 22, 2025 (approximately fifteen (15) minutes), among other dates during Plaintiff's employment. On each such shift, Plaintiff was not relieved of all duties for thirty (30) continuous minutes, and Defendants did not pay Plaintiff for the entire thirty (30) minute meal period as OAR 839-020-0050(2)(b) requires. In the alternative, Defendants deducted the corresponding time from Plaintiff's paid hours without any corresponding duty-free meal period having been provided at all. The above examples indicate Defendants failed to pay Plaintiff at least one (1) hour of wages owed for noncompliant meal periods, including approximately forty-two (42) minutes of wages Defendants deducted from Plaintiff's paid hours.

42. Based on information and belief, on shifts long enough to require more than one meal period, including Plaintiff's double shifts of approximately sixteen



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

(16) hours, Defendants at times deducted time for meal periods that were less than thirty (30) continuous minutes and/or during which Plaintiff was not relieved of all duties.

43. Based on information and belief, Plaintiff was required to work through an owed meal period completely and/or take a meal period that was less than thirty (30) minutes long during, including but not limited to, one or more of the following workweeks: workweek beginning on February 16, 2025, workweek beginning on February 23, 2025, workweek beginning on April 6, 2025, workweek beginning on April 20, 2025, workweek beginning on June 22, 2025, and workweek beginning on August 24, 2025.

44. To the extent Defendants' timekeeping records reflect meal periods of less than thirty (30) continuous minutes, Defendants are liable to Plaintiff and Class Members for the entire thirty (30) minute meal period for each such meal period. *Maza*, 300 Or. App. at 477; *Athena v. Pelican Brewing Co.*, 345 Or. App. 172, 189, 583 P.3d 550 (2025), *rev. allowed*, 375 Or. 395 (2026).

45. Defendants failed to compensate Plaintiff and Class Members for each noncompliant meal period where wages were due to Plaintiff and Class Members, in violation of OAR 839-020-0050 and ORS 653.055 (see also *Athena*, 345 Or. App. at 189).

46. Defendants had no policy or practice permitting Plaintiff and Class Members to record noncompliant meal periods, or to compensate Plaintiff and Class Members for noncompliant meal periods.

**<u>Off-the-Clock Work</u>**

47. Oregon law requires employers to pay employees at least the minimum wage as prescribed by the Commissioner of the Bureau of Labor and Industries pursuant to ORS 653.010 to 653.261, ORS 653.025 and ORS 653.055(1). Under



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

Oregon law, “employ” includes “to suffer or permit to work,” meaning employers must compensate employees for all time worked, including work the employer knew or should have known was being performed, regardless of whether it was explicitly authorized. ORS 653.010(2). “Work time” includes both time worked and time of authorized attendance. ORS 653.010(11).

48. Defendants required, suffered, and/or permitted Plaintiff and Class Members to perform uncompensated work before clocking in for the start of shifts, after clocking out at the end of shifts, during unpaid meal periods, and/or otherwise outside of recorded shift times. This included compensable work that Defendants did not record and pay, including work performed during purported meal periods that Defendants deducted from their paid hours.

49. Defendants’ time and pay records reflect that time was deducted from Plaintiff’s paid hours on shifts for which no corresponding duty-free meal period is reflected, such that the deducted time was worked and was not paid, resulting in Defendants’ failure to compensate Plaintiff for all hours worked and the underpayment of wages owed.

50. These practices resulted in systematic failure to pay employees for all hours worked, in violation of ORS 653.055.

51. Because of the off-the-clock work described above, Plaintiff and Class Members worked more than forty (40) hours in a workweek without receiving all overtime compensation owed.

**Unpaid Overtime Wages**

52. Under ORS 653.261 and OAR 839-020-0030, employers are required to pay one and one-half times the regular rate for all hours worked in excess of forty (40) hours in a workweek.

53. Based on information and belief, the deducted meal period time



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

described above, during which Plaintiff and Overtime Subclass Members were not relieved of all duties, and the off-the-clock work described above, were hours worked in workweeks in which Plaintiff and Overtime Subclass Members worked in excess of forty (40) hours, yet Defendants failed to count that time as hours worked or to pay overtime for it at one and one-half times their regular rate of pay, inclusive of all remuneration includable in the regular rate of pay under Oregon law.

54. Based on information and belief, Plaintiff worked in excess of forty (40) hours and did not receive all overtime owed during one or more of the following workweeks: workweek beginning on February 23, 2025, workweek beginning on March 23, 2025, workweek beginning on April 20, 2025, workweek beginning on July 6, 2025, workweek beginning on October 19, 2025, and workweek beginning on November 23, 2025.

**Incorrect Regular Rate of Pay Calculations**

55. Based on information and belief, Defendants paid Plaintiff and Class Members non-discretionary remuneration, including but not limited to, shift differential pay and additional hourly premium pay.

56. Based on information and belief, Plaintiff earned such non-discretionary remuneration, including shift differential pay, additional hourly premium pay, and/or other non-discretionary compensation, in the same pay periods in which Plaintiff worked and was paid overtime. However, Defendants failed to incorporate all such non-discretionary remuneration into the rate of pay used to calculate the owed overtime rate resulting in the miscalculation of the owed overtime rate and the underpayment of wages owed.

57. Defendants' failure to include all such non-discretionary remuneration in the regular rate of pay resulted in the underpayment of overtime wages owed to Plaintiff and FLSA Collective members, as described below.



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

**Unlawful Deductions**

58. Oregon law prohibits employers from making unlawful deductions from employee wages. ORS 652.610; ORS 652.615. When an employer deducts time from an employee's recorded work hours for a purported meal period but fails to actually relieve the employee of all duties during that time, the employer has unlawfully withheld earned wages. OAR 839-020-0050, section (2)(b); ORS 653.055(1).

59. Meal period deductions/automatic deductions from work time for meal periods during which employees were not provided or otherwise were not relieved of all duties and Defendants' control constitute unlawful wage deductions in violation of ORS 652.610. Such deductions result in employees being paid less than the wages to which they are entitled, creating liability under Oregon's minimum wage law. ORS 653.055(1).

60. Based on information and belief, Defendants required Plaintiff and Class Members to perform uncompensated work during purported meal periods, as set forth above, and deducted time from recorded work time for purported meal periods during which employees were not actually relieved of all duties and Defendants' control, resulting in unlawful withholding of earned wages in violation of ORS 652.610 and minimum wage violations under ORS 653.055. Based on information and belief, Defendants also made unauthorized adjustments to the paid leave balances of Plaintiff and Class Members, further resulting in the unlawful withholding of earned wages in violation of ORS 652.610.

**Failure to Pay All Wages Due Upon Termination of Employment**

61. Under ORS 652.140(2), when an employee quits employment, all earned and unpaid wages must be paid not later than five (5) days, excluding Saturdays, Sundays, and holidays, after the employee quits, or at the next regularly



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

scheduled payday after the employee quits, whichever event first occurs. Where an employer willfully fails to pay all wages due at termination, ORS 652.150 imposes a penalty equal to the employee's wages continuing at the same hourly rate for eight (8) hours per day until paid, up to a maximum of thirty (30) calendar days. "Willful" requires only that the employer acted voluntarily and as a free agent; bad intent is not required. *Wales v. Walt Stallcup Enters.*, 167 Or. App. 212 (2000). Wages owed for non-duty-free meal periods and off-the-clock work are "wages" that trigger ORS 652.150 penalty exposure. *Athena v. Pelican Brewing Co.*, 345 Or. App. 172, 583 P.3d 550 (2025), *rev. allowed*, 375 Or. 395 (2026).

62. Plaintiff resigned from Plaintiff's employment effective on or about January 6, 2026, and all of Plaintiff's earned and unpaid wages were due not later than five (5) days, excluding Saturdays, Sundays, and holidays, after Plaintiff quit, or at the next regularly scheduled payday after Plaintiff quit, whichever event first occurred - that is, not later than on or about January 13, 2026. ORS 652.140(2).

63. Defendants failed to pay Plaintiff all wages owed at the time required by ORS 652.140. Based on information and belief, Defendants did not pay Plaintiff's final wages until after the statutory deadline. Based on information and belief, Defendants transmitted Plaintiff's final wage payment by mail, and that payment was not delivered to or actually available to Plaintiff until after the statutory deadline. In addition, the meal period, off-the-clock, and overtime wages described above remained unpaid when Plaintiff's employment ended and remain unpaid. Defendants' failure was willful, as Defendants' time and payroll records reflected the unpaid wages and the late final payment at the time Defendants paid Plaintiff's final wages, and, based on information and belief, Defendants' own separation records for Plaintiff reflect an affirmative determination that Plaintiff was not eligible for immediate payment of Plaintiff's final wages. Accordingly, Plaintiff and



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

similarly situated Class Members are entitled to penalty wages under ORS 652.150 for each day that wages remain unpaid, up to a maximum of thirty (30) days.

64. Based on information and belief, Defendants willfully failed to pay Plaintiff and Class Members all wages due upon termination, including unpaid meal period wages, off-the-clock wages, overtime wages, and unlawfully deducted wages, as described above. Based on information and belief, Defendants maintain a policy and practice of paying final wages to separated Oregon employees through their regular payroll cycle rather than by the deadlines of ORS 652.140.

65. Defendants knew that Plaintiff's and Waiting Time Subclass Members' employment with Defendants had ended, and possessed the records reflecting their hours worked, their purported meal periods, and the corresponding amounts of wages owed at the date of their termination or separation of employment. Defendants could and should have paid all wages earned and due at termination or separation of employment.

66. Defendants were actually aware, or through reasonable diligence should have been aware, that Plaintiff and Class Members were at times working during purported meal periods, working off the clock, and working more than eight (8) hours per day and forty (40) hours per workweek without receiving compensation for all hours worked, based on, inter alia, Defendants' own timekeeping, timekeeping audit, and payroll records, and the direct observation and control of Defendants' supervisors. Accordingly, Defendants were on notice, or should have been on notice, of their violations of Oregon wage and hour laws and the FLSA.

67. Defendants' failure to make payment of Plaintiff's and Waiting Time Subclass Members' earned and unpaid wages upon termination of employment was willful and continued for not less than thirty (30) days.

68. Defendants' violations were willful and not the result of inadvertence



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

or carelessness, and there was no bona fide dispute regarding the payment of the wages owed.

**FIRST CAUSE OF ACTION**

**Failure to Pay Wages Owed for Noncompliant Meal Periods**

**ORS 653.055; OAR 839-020-0050; ORS 652.610**

**On Behalf of Plaintiff and Class Members**

69. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

70. As described above, Defendants at times required Plaintiff and Class Members to work through unpaid meal periods. Plaintiff's and Class Members' work demands at times prevented them from taking uninterrupted and/or duty-free meal periods throughout the workday. Defendants did not pay Plaintiff and Class Members the wages owed for their missed or noncompliant meal periods as required by Oregon law.

71. OAR 839-020-0050 requires employers to provide employees, for each work period of not less than six (6) or more than eight (8) hours, a meal period of not less than thirty (30) continuous minutes during which the employee is relieved of all duties.

72. If an employee is not relieved of all duties for thirty (30) continuous minutes during the meal period, the employer must pay the employee for the entire thirty (30) minute meal period. OAR 839-020-0050(2)(b). The amounts owed under OAR 839-020-0050(2)(b) are wages, not a penalty: an employer that fails to pay them "has paid the employee 'less than the wages to which the employee is entitled'" within the meaning of ORS 653.055, and the employee has a private right of action to recover those wages. *Athena v. Pelican Brewing Co.*, 345 Or. App. 172, 189, 583 P.3d 550 (2025), *rev. allowed*, 375 Or. 395 (2026); see also *Maza v. Waterford*



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

*Operations, LLC*, 300 Or. App. 471, 477 (2019).

73. Despite these requirements, Defendants have knowingly and willfully required, suffered, and/or permitted Plaintiff and Class Members to work during their unpaid meal periods without compensation.

74. As described above, Defendants unlawfully deducted compensable time from Plaintiff and Class Members. Such deductions from wages constitute unlawful withholding of earned wages in violation of ORS 652.610, and since Defendants reduced the total compensation owed to employees below the wages actually earned for all work time, Defendants' meal period deduction practices resulted in minimum wage violations under ORS 653.055.

75. Defendants have failed to pay Plaintiff and Class Members thirty (30) minutes of wages at their regular rate of pay for each meal period that was missed, shortened to less than thirty (30) continuous minutes, interrupted, and/or during which they were not relieved of all duties. Defendants' conduct described herein violates OAR 839-020-0050 and ORS 653.055.

76. Therefore, Plaintiff and Class Members are entitled to recover the full amount of the wages owed for each noncompliant meal period, less any amount actually paid, plus interest, attorney fees, expenses, and costs of suit. ORS 653.055(1), (4); ORS 652.200; ORS 82.010. Because the amounts owed under OAR 839-020-0050(2)(b) are wages rather than a penalty, Defendants are liable for such unpaid wages for a period of six (6) years from the date the wages were earned. ORS 12.080; *Athena*, 345 Or. App. at 190-91.

77. Plaintiff and Class Members are also entitled to actual damages or $200 per violation, whichever is greater, under ORS 652.615, for each violation of ORS 652.610.

78. As a proximate result of the aforementioned violations, Plaintiff and



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

Class Members have been damaged in amounts to be determined at trial.

**<u>SECOND CAUSE OF ACTION</u>**

**Failure to Compensate for Off-the-Clock Work**

**ORS 653.010 and ORS 653.055**

**On Behalf of Plaintiff and Class Members**

79. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

80. ORS 653.010(2) defines "employ" to include "to suffer or permit to work." ORS 653.010(11) defines "work time" to include "both time worked and time of authorized attendance."

81. ORS 653.055(1) makes any employer liable to an employee who is paid less than the wages to which the employee is entitled under ORS 653.010 to 653.261 for the full amount of the wages owed, less any amount actually paid.

82. As described above, Defendants deprived Plaintiff and Class Members of wages owed by failing to compensate them for all "work time" and "off-the-clock" work performed before and after recorded shifts and/or during purported meal periods that Defendants deducted from their paid hours, in violation of Oregon's minimum wage laws.

83. Under Oregon law, employers must pay each employee for all hours worked. Oregon's wage and hour laws "contemplate that every employee will be paid for all hours worked," and Oregon law "requires each employee to be paid for all of the time the employee works." *Eisele v. Home Depot U.S.A., Inc.*, 643 F. Supp. 3d 1175 (D. Or. 2022).

84. As a result of Defendants' violations of ORS 653.055, Plaintiff and Class Members are entitled to the full amount of wages owed, less any amounts actually paid, for all uncompensated work time. Defendants are liable for unpaid



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

wages for a period of six (6) years from the date the wages were earned pursuant to ORS 12.080; *Makaneole v. SolarWorld Indus. Am., Inc.*, 2016 WL 7856433 (D. Or. Sept. 2, 2016).

85. Because of Defendants' failure to pay Plaintiff's and Class Members' wages as required by Oregon's minimum wage laws, Plaintiff and Class Members are entitled to recover costs, disbursements, and reasonable attorney fees pursuant to ORS 653.055(4).

86. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages**

**ORS 653.261; OAR 839-020-0030**

**On Behalf of Plaintiff and Overtime Subclass Members**

87. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

88. Under ORS 653.261 and OAR 839-020-0030, Defendants were required to pay one and one-half times the regular rate for all hours worked in excess of forty (40) hours in a workweek.

89. As described above, Plaintiff and Overtime Subclass Members are entitled to recover unpaid overtime under Oregon law for unpaid meal periods during which they were required to work, were interrupted, on-duty, or otherwise subject to interruption. Plaintiff and Overtime Subclass Members are also entitled to recover unpaid overtime wages for off-the-clock work performed during purported meal periods that Defendants deducted from their paid hours.

90. Defendants failed to pay Plaintiff and Overtime Subclass Members all overtime owed. Defendants failed to count as hours worked the non-duty-free,



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

deducted meal period time and the off-the-clock work described above, and each such uncompensated hour in a workweek of more than forty (40) hours was an overtime hour payable at one and one-half times the regular rate of pay, inclusive of all remuneration includable in the regular rate of pay under Oregon law.

91. The overtime wages due can be determined from Defendants' timekeeping, payroll, and compensation records on a workweek-by-workweek basis.

92. Plaintiff and Overtime Subclass Members who are within the applicable statute of limitations are entitled to collect the difference between wages received and the overtime wages due, in an amount to be proven at trial, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest at the rate of 9% per annum. See ORS 653.261 and ORS 653.055(1), (4); ORS 652.200; ORS 82.010. Unpaid overtime, and any penalties or liquidated damages for the failure to pay overtime, are subject to a two (2)-year limitations period. ORS 12.110(3); *Athena v. Pelican Brewing Co.*, 345 Or. App. 172, 583 P.3d 550 (2025), *rev. allowed*, 375 Or. 395 (2026).

93. As a direct and proximate result of Defendants' violations, Plaintiff and Overtime Subclass Members have been damaged in amounts to be determined at trial, plus costs, disbursements, attorney fees, and interest.

## FOURTH CAUSE OF ACTION

**Failure to Pay All Wages Due Upon Termination of Employment**

**ORS 652.140; ORS 652.150**

**On Behalf of Plaintiff and Waiting Time Subclass Members**

94. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

95. Under ORS 652.140(2), when an employee quits employment, all earned and unpaid wages must be paid not later than five (5) days, excluding



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

Saturdays, Sundays, and holidays, after the employee quits, or at the next regularly scheduled payday after the employee quits, whichever event first occurs.

96. ORS 652.150(1) provides that if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140, then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight (8) hours per day until paid or until action therefor is commenced. Penalty wages shall not continue for more than thirty (30) days from the due date. ORS 652.150(1)(a).

97. Where an employee or a person on behalf of the employee submits written notice of nonpayment, the penalty is initially capped at one hundred percent of the employee's unpaid wages unless the employer fails to pay the full amount of the unpaid wages within twelve (12) days after receiving the notice, in which case the full statutory penalty of up to thirty (30) days of penalty wages may be assessed. ORS 652.150(2)(a).

98. Plaintiff, through counsel, provided Defendants with written notice of nonpayment pursuant to ORS 652.150(2) on or about August 27, 2026. More than twelve (12) days have elapsed since Defendants' receipt of that notice, and Defendants have failed to pay the full amount of the wages owed.

99. Pursuant to ORS 652.150(2)(c), Plaintiff is not in possession of all time and pay records for Plaintiff and Waiting Time Subclass Members. That information is within Defendants' exclusive possession and control. Accordingly, Plaintiff has alleged facts sufficient for Defendants to review their time and pay records for Plaintiff and Waiting Time Subclass Members to determine the wages owed.

100. As described above, Defendants maintained policies and practices that deprived Plaintiff and Waiting Time Subclass Members of compensation for all



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

hours worked, including for noncompliant meal periods, off-the-clock work, overtime wages, and unlawfully deducted wages. As a result, Defendants failed to pay Plaintiff and Waiting Time Subclass Members all wages due and owing upon separation from employment in violation of ORS 652.140.

101. Defendants' failure to make payment of Plaintiff's and Waiting Time Subclass Members' earned and unpaid wages upon termination of employment was willful and continued for not less than thirty (30) days.

102. Because of Defendants' failure to pay Plaintiff and Waiting Time Subclass Members all wages due within the time required by law, Plaintiff and Waiting Time Subclass Members are entitled to penalty wages pursuant to ORS 652.150, continuing at the rate of eight (8) hours per day at their regular hourly rate for up to thirty (30) days, together with reasonable attorney fees, costs, disbursements, and pre- and post-judgment interest pursuant to ORS 652.200(2) and ORS 82.010.

## FIFTH CAUSE OF ACTION

**Collective Action Claim - Failure to Pay Overtime Wages**

**Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b)**

**On Behalf of Plaintiff and the FLSA Collective**

103. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

104. Plaintiff brings this claim under the FLSA, 29 U.S.C. § 216(b), which authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.

105. Plaintiff brings this FLSA claim on behalf of Plaintiff and all similarly situated individuals, the FLSA Collective, defined as follows:



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

All current and former non-exempt employees who worked for any one or more of Defendants at any location in the State of Oregon at any time during the statutory period who were subject to any of the following timekeeping or pay practices:

> (a) **Noncompliant Meal Periods** (working during unpaid meal periods that were on-duty, interrupted, and/or shortened to less than thirty (30) minutes, including when they worked more than forty (40) hours in a workweek); and/or
>
> (b) **Incorrect Regular Rate Payments** (not paid overtime wages at one and one-half times their regular rate of pay, inclusive of shift differential pay, additional hourly premium pay, and/or other non-discretionary compensation, for hours worked in excess of forty (40) in a workweek).
>
> The FLSA Collective includes all such non-exempt employees who worked at any skilled nursing, rehabilitation, or other facility in the State of Oregon owned, operated, and/or managed by Defendants, including but not limited to, the facilities identified above, regardless of the entity by which they were paid or the entity identified on their wage statements.

106. Attached hereto as **Exhibit 1** is Plaintiff's Consent to Join Collective Action pursuant to 29 U.S.C. § 216(b), signed October 14, 2026. Other FLSA Collective members may sign Consent to Join Collective Action forms and join as opt-in plaintiffs on this claim in the future.

107. At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, and, based on information and belief, grossed more than $500,000 in each of the last three calendar years.

108. Plaintiff and the FLSA Collective are or were employed by Defendants



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

within the meaning of the FLSA, 29 U.S.C. § 203(e).

109. The FLSA requires each covered employer to compensate all non-exempt employees for all hours worked and to pay overtime at a rate of no less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek. 29 U.S.C. § 207(a).

110. As described above, in violation of 29 U.S.C. § 207, Defendants failed to pay Plaintiff and the FLSA Collective members at the lawful overtime rate of one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. Specifically, Defendants' timekeeping and pay policies and practices deprived Plaintiff and the FLSA Collective of overtime compensation for compensable time, including but not limited to:

a. Defendants' practice of deducting time, including precisely thirty (30) minutes, from employees' paid hours for a purported meal period regardless of whether a compliant meal period was actually received;

b. Defendants' practice of interrupting and shortening Plaintiff and the FLSA Collective's meal periods to less than thirty (30) minutes;

c. Defendants' practice of not relieving Plaintiff and FLSA Collective members of all work duties during meal periods, and/or requiring other off-the-clock work;

d. Defendants' practice of paying Plaintiff and the FLSA Collective at one and one half times their base rate of pay, rather than their regular rate of pay (inclusive of shift differential pay, additional hourly premium pay, and/or other non-discretionary compensation).

111. Defendants had actual and/or constructive knowledge that Plaintiff and FLSA Collective members were at times performing the work described above, yet



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

Defendants failed to record or compensate them for this time.

112. Based on information and belief, Plaintiff worked in excess of forty (40) hours in one or more workweeks during the three-year period preceding the filing of this Complaint, yet Plaintiff did not receive overtime compensation at one and one-half times Plaintiff's regular rate of pay for all such excess hours.

113. Based on information and belief, Plaintiff worked more than forty (40) hours and did not receive all owed overtime compensation at the correct regular rate of pay during one or more of the following workweeks: workweek beginning on February 23, 2025, workweek beginning on March 23, 2025, workweek beginning on April 20, 2025, workweek beginning on July 6, 2025, workweek beginning on October 19, 2025, and workweek beginning on November 23, 2025.

114. Based on information and belief, Plaintiff was not compensated with owed overtime wages due to Defendants' failure to compensate Plaintiff for all hours worked, as described above.

115. Based on information and belief, Defendants compensated Plaintiff for time worked beyond forty hours in a week at a rate that did not include all non-discretionary remuneration, rather than at one and one-half times Plaintiff's regular rate of pay inclusive of all non-discretionary remuneration, thereby denying Plaintiff all owed overtime wages at the rate of one and one half times Plaintiff's regular rate of pay.

116. Defendants failed to pay all owed overtime at the regular rate of pay (including all non-discretionary remuneration, including but not limited to, shift differential pay, additional hourly premium pay, and/or other such non-discretionary remuneration), in violation of 29 U.S.C. § 207 and 29 C.F.R. §§ 778.117, 778.207(b), and/or 778.208 to 778.210.

117. Defendants failed to make a good faith effort to comply with the FLSA



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

with respect to the compensation for Plaintiff and the FLSA Collective. Defendants knew, or showed reckless disregard for the fact, that Plaintiff and FLSA Collective members were performing work without proper overtime compensation. This conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and the three-year statute of limitations therefore applies.

118. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover all unpaid overtime wages, liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b), pre-judgment interest, and such other legal and equitable relief as the Court deems just and proper.

119. Plaintiff, on behalf of Plaintiff and the FLSA Collective, also seeks recovery of attorney fees and costs of suit as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore Plaintiff, on behalf of Plaintiff, Class Members, Overtime Subclass Members, Waiting Time Subclass Members, and the FLSA Collective, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, and certifying the Class, the Overtime Subclass, and the Waiting Time Subclass as defined above for the class periods defined above;

B. An Order that Plaintiff's FLSA claim may proceed as a collective action pursuant to 29 U.S.C. § 216(b), and directing the issuance of Court-approved notice to all similarly situated members of the FLSA Collective with instructions permitting them to assert timely FLSA claims in this action by filing individual Consent to Join Collective Action forms pursuant to 29 U.S.C. § 216(b);



**CROSNER LEGAL, P.C.**
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

C. An award of damages to Plaintiff and Class Members for all wages owed for noncompliant meal periods pursuant to ORS 653.055 and OAR 839-020-0050(2)(b), and for all unpaid wages for off-the-clock work and for hours suppressed by Defendants' meal period deduction practices, including the full amount of wages owed pursuant to ORS 653.055;

D. An award of all unpaid overtime wages to Plaintiff and Overtime Subclass Members pursuant to ORS 653.261 and ORS 653.055;

E. Actual damages or civil penalties of $200 per violation, whichever is greater, under ORS 652.615, for each violation of ORS 652.610 for Class Members;

F. Civil penalties as provided under ORS 652.150 for Class Members for Defendants' willful failure to pay all wages due;

G. An award of penalty wages to Plaintiff and Waiting Time Subclass Members pursuant to ORS 652.150, continuing at the rate of eight (8) hours per day at their regular hourly rate for up to thirty (30) days;

H. An award of all unpaid overtime wages to Plaintiff and the FLSA Collective members pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b);

I. An award of liquidated damages to Plaintiff and the FLSA Collective members in an amount equal to the unpaid overtime wages found due, pursuant to the FLSA, 29 U.S.C. § 216(b);

J. Attorney fees and costs, as allowed by law, including 29 U.S.C. § 216(b), ORS 653.055(4), ORS 652.200(2), and ORS 652.615;

K. Prejudgment and post-judgment interest, including at the rate of nine percent (9%) per annum as provided by ORS 82.010; and

L. All other relief this Court deems proper.



CROSNER LEGAL, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Tel. (866) 276-7637
Fac. (310) 510-6429

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

Dated: October 29, 2026

**CROSNER LEGAL, P.C.**

By: _*/s/ Jamie K. Serb*_______________

Jamie K. Serb (OSB No. 262027)
Victoria E. Ainsworth (OSB No. 222799)
Crosner Legal, P.C.
805 SW Broadway, Suite 900
Portland, OR 97205
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
tainsworth@crosnerlegal.com

Attorneys for Plaintiff,
KRISTI ANGSTADT